the plaintiff, contending that the car had come to a stop, and, while she was attempting to alight, suddenly starting, and throwing her to the ground, and the defendant insisting that she (at the time of the accident a woman over 43 years of age) deliberately leaped from the car while it was in full motion, going about six miles an hour, although the accident occurred a little after 10 o'clock at night, and it was as dark as usual at that time of night. The conflict in the evidence was submitted in a charge (to which no exception was taken), with full advice to the jury with respect to the law and the obligations of the plaintiff to sustain her contention by a fair preponderance of the evidence; and, although there are four witnesses in favor of the defendant and only the plaintiff in her own behalf, we are not prepared to say on this record that the jury failed to discharge their full duty to the defendant, or that the verdict is the result of passion, prejudice, corruption, or mistake. Sawalsky v. Railroad Co., 39 App. Div. 661, 57 N. Y. Supp. 775. A fair preponderance of evidence does not mean the largest number of witnesses. Martin v. Railroad Co., 3 App. Div. 448, 38 N. Y. Supp. 652; Norton v. Railroad Co., 26 App. Div. 622, 53 N. Y. Supp. 1110.

The judgment and order appealed from should be affirmed, with costs.

FITZSIMONS, C. J., concurs.

---

DORGAN et al. v. SCHEER.

(City Court of New York, General Term. May 1, 1900.)

PLEADING—BILL OF PARTICULARS.
    Where defendant sets up a counterclaim, plaintiff is entitled to bill of the particulars on which it is founded.

Appeal from trial term.

Action by John J. Dorgan and others against Darah Scheer. From an order of the general term affirming an order requiring defendant to furnish a bill of particulars to her counterclaim, she appeals. See 62 N. Y. Supp. 1030. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Louis A. Jaffer, for appellant.
A. Walker Otis, for respondents.

PER CURIAM. The defendant sets up a counterclaim, and the plaintiffs are entitled to know the particulars upon which it is founded. That is all the order required the defendant to furnish.

Order appealed from affirmed, with $10 costs and disbursements.

---

EUREKA STABLE CO. v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. May 1, 1900.)

DAMAGES—EVIDENCE.
    In an action against a street-railway company to recover for injuries to a carriage, caused by collision with a car of defendant, a carriage maker and repairer of 15 years' standing, who made the repairs on the carriage,

testified to almost daily visits to plaintiff's stable, and generally to the condition of plaintiff's carriages, and stated the value of the repairs at $158.70, and the difference in the value of the carriage before the accident and after the repairs to be about $300. The court instructed the jury that the witness was qualified as an expert, but that his knowledge of the vehicle in question seemed very slight, and that they should consider that fact. *Held*, that the instruction was fair as to defendant.

Appeal from trial term.

Action by the Eureka Stable Company against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Henry A. Robinson, for appellant.
Holm & Smith, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial. The action is to recover damages for an alleged injury to a carriage belonging to the plaintiff by being in collision with a car of the defendant at Lexington avenue and Sixtieth street, New York City, on the night of the 7th of December, 1897; and such collision it is charged was the fault or negligence of the defendant's employés. The only question submitted for review on this appeal is whether or not the court erred in permitting the jury to consider the depreciation of the value of the wagon. The court, in its charge to the jury, upon this precise question said:

"The evidence introduced here as to depreciation in value of the carriage is rather meager, and I shall not allude to it except to say that the witness who testified concerning the value has duly qualified himself as an expert. His knowledge, however, of the vehicle in question, seems to be very slight, and you will consider that in a settlement upon the verdict."

The witness in question had testified to almost daily visits to the plaintiff's place of business, and generally to the condition of the plaintiff's carriages. He was a carriage maker and repairer of 15 years' standing; also did the repairs on the carriage in question; and was, therefore, competent to testify as to the value of the repairs, which he stated were worth $158.70, and, under objection, he was permitted to say that the difference in value before the accident and after the repairs was about $300. The jury found for the plaintiff in the sum of $208, and it does not, therefore, appear that the charge of the court had been prejudicial to the defendant. Indeed, it would seem that the charge was entirely fair to the defendant; and, having reached this conclusion, we see no reason for disturbing the findings of the jury. It may be said that the defendant gave no evidence whatever as to the value, and ought not, for that reason, to be heard in complaint. There was a conflict of evidence upon the question of negligence, and the jury determined that also in the plaintiff's favor.

The judgment and order appealed from should be affirmed. All concur.